NORTHERN INDIANA PUBLIC SERVICE COMPANY *v.* WARREN
COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION ET AL.

[No. 20,005. Filed March 15, 1965. Rehearing denied April 23, 1965.
Transfer denied November 5, 1965, with opinion reported in 211 N. E.
2d 308. Rehearing on petition to transfer denied April 7, 1966.]

*Edmund A. Schoroer, Joseph F. Morrow* and *Lawyer,
Schoroer & Eichhorn,* of Hammond, for appellant.

*Thomas R. McConnell,* of Fowler, *Willett H. Parr, Jr., Parr,
Parr & Parr,* of Lebanon, *Carl A. Mehaffey,* of Williamsport,
*Arthur H. Gemmer, Gustav H. Dongus* and *Paul Hirsch,* of
Indianapolis, for appellees.

CARSON, J.—This is an appeal from an order of the Public Service Commission of Indiana authorizing the purchase of the municipally owned electric distribution system of the Town of Oxford, Indiana by the Warren County R.E.M.C. for the sum of $175,000.00 and for other related authorizations concerning the operation of the system. The proceedings were instituted by a joint petition of the Warren County R.E.M.C. and the Town of Oxford pursuant to the provisions of the Acts of the General Assembly of Indiana 1935, ch. 175 as amended, (§ 55-4403, et seq. Burns' 1962 Replacement, Supp.) and the provisions of the 1905 Acts of the General Assembly of Indiana, ch. 147, (§ 48-7210 Burns' 1950 Replacement). A discussion of the actions of the Town of Oxford and the Warren County R.E.M.C. in compliance with the statutes follows.

The seller, Town of Oxford, is a municipality which owns a utility and in the sale of a portion thereof is governed by the Municipality Utility Act (§ 48-7211 Burns' 1963 Replacement), which requires the circuit court to appoint three appraisers to make a "just and true valuation" and to determine "the price at which such property may be sold." The purchaser, Warren County R.E.M.C., is an electric utility under the R.E.M.C. Act (§ 55-4403 Burns' 1951 Replacement), which defines the permissive "territory" a R.E.M.C. may serve as including a municipality which has a municipal utility which the R.E.M.C. proposes to buy, if the population is not over 1500 and if the "aggregate depreciated value" of the portion of the utility being purchased does not exceed $100,000.

The Town of Oxford followed the procedure of the Municipality Utility Act and three court appointed appraisers determined the "just and true valuation" and the "price at which such property may be sold" to be $173,000. The Warren County R.E.M.C. was the only bidder and entered into a contract to purchase the electric distribution system for $175,000. No one questioned the sale or sale price within the time al-

lowed under the Municipality Utility Act, and this was not an issue before the Commission.

Following the publication of notices the Northern Indiana Public Service Company filed an amended petition for leave to intervene and a motion to dismiss the joint petition filed by the Warren County R.E.M.C. and the Town of Oxford. The Public Service Commission of Indiana granted leave to intervene but denied the motion to dismiss.

After hearing, the Public Service Commission entered an order approving the sale by the Town of Oxford and the acquisition of the distribution system by the Warren County R.E.M.C., finding that public convenience and necessity would best be served by permitting the sale and purchase, and that the contract should be approved. The order embraced several other matters which are not necessary for the Court's consideration in the disposition of this appeal.

The Northern Indiana Public Service Company assigned as error thirteen propositions which read as follows:

"1. The final decision, ruling and order of the Public Service Commission of Indiana entered on March 15, 1963, is contrary to law.

2. The said final decision, ruling and order of the Commission is not supported by substantial evidence.

3. There is no evidence to support the said final decision, ruling and order of the Commission.

4. There is no substantial evidence to sustain Finding No. 4 of the Commission at page 7 of the Commission's order of March 15, 1963, to wit: (Transcript Page 571)

'4. That the aggregate depreciated value of the distribution system owned by the Town of Oxford being sold to the Warren County Rural Electric Membership Corporation is less than $100,000.00.'

5. There is no evidence to sustain said Finding No. 4 which is set out in paragraph 4 of this Assignment of Error.

6. There is no substantial evidence to sustain Finding No. 5 of the Commission at page 7 of the Commission's order of March 15, 1963, to wit: (Transcript Page 571)

'5. That the public convenience and necessity would best be served by permitting Petitioner Warren to purchase the electric distribution system of Petitioner Town of Oxford, for Petitioner Town of Oxford thereupon to cease said electric utility operation and for Petitioner Warren thereafter to render electric service within said municipal area, charging rates as per its currently filed tariff.'

7. There is no evidence to sustain said Finding No. 5 which is set out in paragraph 6 of this Assignment of Errors.

8. There is no substantial evidence to sustain Finding No. 8 of the Commission at page 7 of the Commission's Order of March 15, 1963, to wit: (Transcript Page 572)

'8. That Petitioner Warren County Rural Electric Membership Corporation should be permitted to amend its Articles to include the municipal area of the Town of Oxford, the proposed Amendment of Articles should be approved as submitted, and a certificate of public convenience and necessity should be issued to Petitioner Warren County Rural Electric Membership Corporation to render electric service in the municipal area of the Town of Oxford, Indiana.'

9. There is no evidence to sustain said Finding No. 8 which is set out in paragraph 8 of this Assignment of Errors.

10. The Commission erred in that said order is not authorized by any statute and is contrary to applicable statutes.

11. The Commission erred in that, assuming arguendo, there was substantial evidence to sustain a finding that the distribution system in question had an aggregate depreciated value of less than $100,000, it would be an abuse of discretion to approve the acquisition thereof for $175,000. The Commission made no finding as to whether the aggregate depreciated value is $1 or $99,999. In the former event the Commission has authorized purchase for 175,000 times the amount of such value and in the latter for a purchase at almost twice such value. In any event, such authorization is arbitrary and capricious and a gross abuse of discretion by the Commission.

12. The Commission erred in that its said order is arbitrary and capricious and constitutes a gross abuse of discretion in finding that the aggregate depreciated value of the distribution system in question is less than $100,000.

13. The Commission erred in overruling each and all of

petitioners motions to dismiss and each and every said ruling and order is error."

The appellee assigns cross errors which will not be considered or discussed since the disposition of the assignments of error filed by the appellant will adequately dispose of the appeal herein considered.

Assignment of error number one presents all questions pertinent for this Court to consider in an appeal from the Public Service Commission. § 55-443 Burns' 1951 Replacement, Supp. In a review of finding and orders of the Public Service Commission our function is to determine whether or not the findings of the commission are based upon the evidence and if those findings support the decision. *Pub. Ser. Comm. et al., etc.* v. *Ind. Bell Tel. Co.* (1955), 235 Ind. 1, 130 N. E. 2d 467; *Daviess-Martin Co. etc.* v. *Pub. Serv. Comm.* (1961), 132 Ind. App. 610, 174 N. E. 2d 63. Inasmuch as the appellant offered no evidence in opposition to that of the petitioners the sole proposition for our consideration is whether or not the order of the commission is erroneous as a matter of law. The appellant complains that the commission did not find the exact amount of the aggregate depreciated value of the Oxford distribution system but only found that the aggregate depreciated value was less than $100,-000.00. It should be pointed out that this finding of the commission is in the language of the statute. § 55-4403 Burns' 1951 Replacement and § 48-7211 Burns' 1963 Replacement The commission's finding being in the language of the statute should be affirmed.

We come now to that portion of the appellant's argument concerning the meaning of the word value as used in the municipal utilities act § 48-7211 Burns' 1963 Replacement and the words "aggregate depreciated value," as used in § 55-4403 Burns' 1951 Replacement. The appellant contends that the term "aggregate depreciated value" and the term "appraised value" mean one and the same thing. That

the finding, by the court appointed appraisers under the municipal utilities act, that the value is $175,000.00 is controlling and shows that value to exceed $100,000.00 and therefore precludes the Warren County R.E.M.C. from purchasing the distribution system of the Town of Oxford and makes the order of the Public Service Commission erroneous as a matter of law. With this position we cannot agree. We find in Bouvier's Law Dictionary, vol. 2, 3rd Revision, in defining the word "value" the following language:

> "When applied without qualification to property of any description, necessarily means the price which it will command in the market; . . ."

> "Upon the question of value of an article evidence of its original cost is relevant; . . ."

In Black's Law Dictionary, 4th edition, we find the word "depreciation" defined as follows:

> "A fall in value; reduction of worth. . . . The deterioration or the loss or lessening in value, arising from age, use, and improvements, due to better methods."

Further in Black's Law Dictionary at page 1721 and 1722 we find numerous definitions of value indicating that this word has many connotations.

We feel, having in mind the various circumstances in which the term value has been and could be used, that the legislature had a specific test in mind when it used the term "aggregate depreciated value." Applying these words in what we believe to be their acceptable usage it is our opinion that the Legislature meant that value which would be arrived at by subtracting the depreciation of the particular assets in question, using a depreciation schedule as determined by acceptable accounting standards, from the determined original costs of such assets thereby arriving at the remaining worth of the assets. To us the Legislature intended to distinguish aggregate depreciated value from "appraised value," "market value," or "negotiated sale price." The evidence

clearly shows that a reputable firm applying the best accounting standards available arrived at a figure which established the "aggregate depreciated value" at considerably less than $100,000.00. This evidence was not refuted by the appellant and in our opinion adequately sustains the finding of the Public Service Commission. This being the case all of the statutory tests were met for a sale of the distribution system of the Town of Oxford to the Warren County R.E.M.C. and the order of the Commission is approved.

Judgment affirmed.

Faulconer, C. J., Bierly, P. J., Hunter, Mote, Prime and Smith, JJ., concur. Martin, J., not participating.

NOTE.—Reported in 205 N. E. 2d 166. Transfer denied in 211 N. E. 2d 308.