NORTHERN INDIANA PUBLIC SERVICE COMPANY *v.*
WARREN RURAL ELECTRIC MEMBERSHIP CORPORATION ET AL.

[No. 20,005. Filed November 5, 1965. Rehearing on Petition
to Transfer denied April 7, 1966.]

*Edmund A. Schroer, Joseph F. Morrow* and *Lawyer, Schroer & Eichhorn,* of Hammond, for appellant.

*Thomas R. McConnell,* of Fowler, *Willett H. Parr, Jr., Parr, Parr and Parr,* of Lebanon, *Carl A. Mehaffey,* of Williamsport, *Arthur H. Gemmer, Gustav H. Dongus* and *Paul Hirsch,* of Indianapolis, for appellees.

ACHOR, J.—This case comes to us on petition to transfer from the Appellate Court under Supreme Court Rule 2-23. [For opinion of the Appellate Court see: 205 N. E. 2d 166, 169, 170.]

Appellant, in its petition for transfer, asserts:

First, that the opinion of the Appellate Court contravenes a ruling precedent of this court to the effect that the Public Service Commission is created as a fact-finding body authorized to make its orders in such cases upon the facts and impartially found by it and consequently these facts should be found specifically and not generally, in order that a decision arbitrarily or capriciously made may be subject to judicial review.

That portion of the Appellate Court opinion alleged to be erroneous is as follows:

"The appellant complains that the commission did not find the exact amount of the aggregate depreciated value of the Oxford distribution system but only found that the aggregate depreciated value was less than $100,000. . . . " [p. 169.]

It is asserted that the above statement contravenes the ruling precedent of this court as established in the case of *Kosciusko County, etc.* v. *Public Service Comm.* (1948), 225 Ind. 666, 674, 77 N. E. 2d 572, first, because the finding is merely a general statement that the aggregate depreciated value was less than $100,000 but does not *specifically state* the amount of such value.

It is our opinion that the fact, as stated, was sufficient under the circumstances of this case, since it was specific enough to enable the court to intelligently review the commission's determination of the fact that the aggregate depreciated value of the utility was less than $100,000, which is the specific limitation of Burns' Ind. Stat. Anno. § 55-4403 (n) (1965 Supp.), infra. In the Kosciusko case, *supra,* this court stated:

"These facts should be found specially and not generally.

*The findings must be specific enough to enable the court to review intelligently the Commission's decisions."* [Citing authority.] [Our emphasis.]

The commission's finding complied with the above requirement.

Furthermore, appellant asserts that the opinion of the Appellate Court contravenes the ruling precedent of this court as enunciated in the Kosciusko case, *supra,* for an additional reason that it states:

"It should be pointed out that this finding of the commission is in the language of the statute. § 55-4403 Burns' 1951 Replacement and § 48-7211 Burns' 1963 Replacement. The commission's finding being in the language of the statute should be affirmed." [205 N. E. 2d at p. 169.]

We concur that the above statements of the Appellate Court, without limiting it to the facts in this case, are in contravention of the opinion of this court in the Kosciusko case, *supra.* As a general rule it is not sufficient that the commission's findings be in the language of the statute. However, this error in the Appellate Court opinion is not of sufficient import to affect their decision, for the reason above stated, that under the facts of this case the finding of the commission in the language of the statute was sufficient[1] to intelligently inform the court as to the facts upon which the commission based its decision.

As a second ground for transfer appellant-petitioner asserts that the Appellate Court opinion erroneously decides a new question of law in that the court erroneously construed the statutory language "aggregate depreciated value," which said statutory language had not heretofore been the subject of judicial definition or construction. It is asserted that this error consists in the fact that the Appellate Court erroneously equated "aggregate depreciated value" with "estimated book cost less estimated book depreciation," when it held:

---

1. According to the uncontradicted evidence the "aggregate depreciated value" of the utility was less than $100,000.00.

"Applying these words in what we believe to be their acceptable usage it is our opinion that the Legislature meant that value which would be arrived at by subtracting the depreciation of the particular assets in question, using a depreciation schedule as determined by acceptable accounting standards, from the determined original costs of such assets thereby arriving at the remaining worth of the assets. . . ." [205 N. E. 2d at p. 170.]

The term "aggregate depreciated value" is a phrase of professional meaning in the field of accounting,[2] the meaning of which we do not take judicial knowledge.

One of appellee's experts engineers, Richard Slater, testified as follows:

"Q. Now, is the term 'depreciated value' a common term in use in your engineering circles?

A. Yes, sir, I believe it is.

. . .

Q. In determining that cost (estimated original), you were determining that cost as distinguished from any appraisal of what you thought would be a fair purchase price or market value?

A. Yes. It was done independently of any market value or purchase price—strictly a determination of estimated original cost.

. . .

Q. But, in your estimation, the process you have gone through in arriving at depreciated value would be determining, really, the cost to the owner, or his investment as depreciated by use; is that correct?

A. Yes, that is correct."

The above testimony is not contradicted. Neither has appellant supported his argument by either logic or citation of authority. Under these circumstances, we cannot say that the Appellate Court erroneously decided a new question of law.

Finally, appellant contends that the decision of the Appellate Court is subject to transfer for the reason that said court "failed to give a statement in writing of each substantial question arising on the record" as required by Rule 2-23 (4) (c) of this court. Specifically, ap-

---

2. In accounting for tax purposes it has many variables.

pellant-petitioner asserts that the court failed to give a statement in writing as to the issue raised by specification 11 of appellant's assignment of errors, which is as follows:

"11. The Commission erred in that, assuming arguendo, there was substantial evidence to sustain a finding that the distribution system in question had an aggregate depreciated value of less than $100,000, it would be an abuse of discretion to approve the acquisition thereof for $175,000. . . ."

The contention does not provide grounds for transfer, first, because the Appellate Court *did* give a statement in writing upon the subject when it stated [at pp. 169-170]:

"The appellant contends that the term 'aggregate depreciated value' and the term 'appraised value' mean one and the same thing. That the finding, by the court appointed appraisers under the Municipal Utilities Act, that the value is $173,000.00 is controlling and shows that value to exceed $100,000.00 and therefore precludes the Warren County R.E.M.C. from purchasing the distribution system of the Town of Oxford and makes the order of the Public Service Commission erroneous as a matter of law. With this position we cannot agree. . . ."

Under the express terms of the R.E.M.C. Act [§ 55-4403 (n), Burns' (1965 Supp.)], the R.E.M.C. is authorized to purchase electric distribution lines from a municipally owned utility providing, among other things, that such facilities "have an aggregate depreciated value of not to exceed one hundred thousand dollars ($100,000) and are not located in whole or in part in any city or town having a population in excess of fifteen hundred (1500)." Acts 1953, ch. 23, § 1, p. 90.

Under the evidence of this case the purchase by R.E.M.C. conformed to the above statutory authorization and limitation, and it is not necessary to a judicial review of the commission's action that the specific valuation be stated. Furthermore, the sale of the utility by the Town of Oxford for the sum of $175,000 ($2,000 more than the appraisal fixed by the court-appointed appraisers) was pursuant to the statutory authori-

296

zation and limitations of Burns' Ind. Stat. Anno. §§ 48-7210 and 48-7211 (1963 Supp.) [Acts 1905, ch. 147, §§ 1, 2, p. 443], which requires that such property may be sold for not less than the just and true valuation thereof, as determined by such appraisement.

Therefore, although the Appellate Court might have discussed this issue more comprehensively and although there may be considerable doubt as to the issue presented is one of public policy, which has been determined by the legislature. The conclusion of the Appellate Court on this issue was correct under the facts and the law before it.

The petition to transfer is, therefore, denied.

Jackson, C. J., Arterburn, Landis & Myers, JJ., concur.

NOTE.—Reported in 211 N. E. 2d 308.