THE INTER-STATE WATER COMPANY, Appellant, *vs.* ED-
WARD ADKINS, Appellee.

*Opinion filed October 22, 1927—Rehearing denied Dec. 7, 1927.*

1. EMINENT DOMAIN—*petition must show necessity for con-
demnation.* The right to take private property under section 2 of
the Eminent Domain act is not general but is limited to cases where
it becomes necessary to resort to private property, and such neces-
sity must be shown by the petition to condemn.

2. SAME—*finding of Commerce Commission that condemnation
is necessary is not conclusive.* The question whether the taking of
private property is necessary for public use is a question for the
court, and the finding of the Commerce Commission that con-
demnation of the land is necessary is not conclusive.

3. SAME—*petitioner may make reasonable estimate of amount
of land necessary to be taken.* A public utility seeking to condemn
land for a public improvement must in a modified degree be per-
mitted to judge for itself as to the amount of land necessary for
the purpose, and if it acts in good faith and shows a reasonable
necessity for condemnation its discretion will not be disturbed.

4. SAME—*condemnation for reservoir may allow margin for
flood conditions.* A condemnation of nearly three acres for a res-
ervoir by a water supply company may include approximately one-
half acre which is not actually inundated but which is liable to
be submerged in case of a sudden freshet or flood.

5. SAME—*value of land as improved at time of filing of petition
may be considered.* Compensation in condemnation cases is to
be determined as of the date of the filing of the petition, and where
land is condemned for a reservoir the owner is entitled to recover
the value of his property as of that date even though the land has
been enhanced in value by reason of the fact that the improvement
was constructed before the petition was filed.

APPEAL from the County Court of Vermilion county;
the Hon. W. T. HENDERSON, Judge, presiding.

CHARLES TROUP, for appellant.

A. B. DENNIS, and O. D. MANN, (W. T. GUNN, of
counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed a petition in the county court of Vermilion county to condemn certain real estate, alleging that the same was necessary to the construction of its reservoir operated in connection with and as a part of the waterworks plant and property at or near Danville, Illinois. The total amount of land sought to be taken was 2.9 acres. Of this land 1.09 acres were owned by Ward Adkins, Edward Adkins, Ella Allen, Madge Sams, Adolph Adkins and Ada Adkins Mires, heirs of William Adkins, deceased. The balance of this tract belonged to appellee, Edward Adkins, individually. A written motion was made by appellee, one of the defendants to the petition, to dismiss the petition and proceeding. After the hearing of evidence on this motion the same was denied and the cause proceeded to trial. The jury returned a verdict awarding damages for taking the land owned by appellee at $3500 and for the land owned by appellee and others at $4000. Motion for a new trial was overruled, and appellant, petitioner below, brings the cause to this court by appeal and assigns numerous errors. Appellee has assigned cross-errors.

The petition alleges that appellant is engaged in furnishing water for fire protection, for drinking and for other purposes to the inhabitants and industries of the city of Danville, the village of Tilton and adjacent territory; that it is a public utility; that in order to secure for the consumers of water in the community a more adequate supply to meet the growing needs and the future requirements of its customers and to acquire adequate service and facilities, in 1924 and 1925 it erected a dam capable of impounding 4,900,000 gallons of water in a reservoir in and along the valley of the north fork of the Vermilion river, near Danville; that on May 26, 1926, an order was entered by the Illinois Commerce Commission finding that the lands sought to be taken under these proceedings were necessary

and essential to the business of appellant as a public utility; that it is necessary that appellant acquire said lands to complete the construction of its dam and reservoir and for the operation of the same, and that they were reasonably necessary to appellant to secure adequate service and facilities in the carrying on of its business as a public utility, and the commission authorized and empowered appellant to acquire the lands by eminent domain; that an effort had been made by appellant to agree with the owners as to the just compensation to be paid to them for their lands but it had been unable to reach an agreement with them.

The testimony shows that a house, barn, chicken house, toilet and milk house stand on the land owned by the Adkins heirs. At the time the petition was filed appellant's dam had been completed and the water was impounded to its full height. All but sixty-five hundredths of an acre of the 2.9 acres sought to be taken was then inundated. Previous to the construction of the dam appellant made a plan of the lands necessary for its reservoir, and the land in question was included as part of the land necessary. The testimony further showed that the land was sought to be acquired by reason of a possible submerging and overflowing of all of it in case of an excess flood in the north fork of the Vermilion river; that flood-gates were provided in the dam for the purpose of controlling the water in case of floods and a watchman was continuously provided, but that, with all the flood-gates opened, a sudden rise in the. river due to freshet and flood might cause almost all of the land sought to be taken to become overflowed. The evidence also showed that there was a toilet on the land within seventeen feet of the present water's edge, which would contaminate the water in the reservoir as impounded behind the dam.

Appellant offered proof on the theory that the value to be placed upon the land was its value prior to the building of the dam and impounding the water. In support of that

theory it offered seven witnesses, whose testimony placed a value on the property taken at amounts ranging from $250 to $300 per acre for the land taken, apart from the buildings, and from $1000 to $1500 for the buildings, or a maximum total of $1800. The owners introduced eight witnesses, whose testimony as to the value of the property ranged from $5000 to $15,000. These witnesses based their estimate of the value of the premises on their proximity to appellant's lake or reservoir and the adaptability and use of the premises as a place to moor boats, as a location for summer resorts and refreshment stands, all in connection with appellant's lake. The testimony showed the property was being used for these several purposes by the owners when the petition was filed. Appellant objected to the introduction of all this testimony and assigns error thereon. An objection was also made to receiving testimony of profits made by appellee from the business of conducting a refreshment stand on the premises.

Appellee assigns and argues as cross-error the ruling of the court in denying his motion to dismiss the petition and in holding that appellant is entitled to condemn any part of the land described in the petition. Appellee's motion to dismiss raised the question of the sufficiency of the petition. On the question whether the use to which appellant sought to apply this private property is a public use, the record shows that the court admitted as evidence, over appellee's objection, a certified copy of the order of the Illinois Commerce Commission and the testimony of Lowell Kirby, who only identified a plat attached to the petition. H. M. Ely, superintendent of appellant, testified, over the objection of appellee, concerning the dam, and gave it as his opinion that the sixty-five hundredths of an acre of the land sought to be taken, though not overflowed under normal conditions, was nevertheless necessary for the purpose of guarding against flood conditions causing a sudden rise of the water impounded by the dam, resulting in a possible action

for damages by appellee for the overflow of said fraction of an acre. The motion to dismiss challenged the right of appellant to take private property, appellee claiming the use for which appellant sought the property was not a public use. This was a question for the court. The power to take private property conferred by section 2 of chapter 47 of our statutes is not general. It is limited to cases where it becomes necessary to resort to private property, and that necessity must be shown by the petition to condemn.

Appellant made application to the Commerce Commission for permission to condemn the land in question. The commission issued a finding that the condemnation of the land was necessary. The matter, however, does not rest there, as the necessity for public use is a question for the court and the findings of the commission are not conclusive. (*Limits Industrial Railroad Co.* v. *American Pipe Works,* 321 Ill. 101.) On hearing on appellee's motion to dismiss the petition the trial court was of the view that appellant should be permitted to take the entire tract of 2.9 acres, all but sixty-five hundredths of an acre of which is submerged by the building of the dam. The evidence in the record also shows that the elevation of the water after the dam was constructed and in use is 568 feet above government datum; that in case of a sudden freshet or flood it is possible for the water to go as high as 575 feet above government datum even though the flood-gates of the dam are all open. If this should occur, the sixty-five hundredths of an acre would be submerged, with the exception of a small elliptical-shaped ridge on which the house stands. The rule is, that a public utility seeking to condemn land for a public improvement must in a modified degree be permitted to judge for itself as to the amount of land necessary for its purpose, and if it acts in good faith and shows a reasonable necessity for condemnation its discretion will not be disturbed. (*Fountain Creek Drainage District* v. *Smith,* 265 Ill. 138; *Smith* v. *Chicago and Western*

*Indiana Railroad Co.* 105 id. 511.)   We are of the opinion that the county court did not err in denying the motion to dismiss the petition.

Appellant's chief contention is that the verdict is excessive, and that this became possible by reason of the erroneous view of the trial court as to the elements competent to be considered by witnesses in fixing the value of the land taken.   A number of the witnesses who testified for appellee were of the opinion that the land was suitable for a summer resort and a place for mooring boats by reason of the lake formed by the building of the dam.   Appellant contends that this is an improper element of damages; that the rule is that such use of the premises taken as may arise by reason of the improvement is not a matter for which the owner may recover.   In this case the use referred to was created entirely by the lake, caused by the building of the dam.   This lake was created not by the act of appellee but by the act of appellant.   So far as appellee's land is concerned appellant was a trespasser at the time the petition for condemnation was filed, for the reason that the waters of its reservoir inundated the premises of appellee.   It has become the fixed rule in this State that compensation in condemnation cases is to be determined as of the date of the filing of the petition, and the land owner is entitled to recover the value of his property as of that date even though the land has been enhanced in value by that time by reason of the fact that the improvement was constructed.   (*City of Chicago* v. *Farwell,* 286 Ill. 415; *Sanitary District* v. *Loughran,* 160 id. 362.)   Under this rule appellee was entitled to have the benefit of the enhanced value or use of his land by reason of the building of the dam, and the instructions given to the jury on this theory of the case were not erroneous.   The weight of the testimony sustains the verdict of the jury under such rule.

The judgment of the county court will therefore be affirmed.                          *Judgment affirmed.*