(No. 39046.—

Egyptian Electric Cooperative Association, Appellant, *vs.* Illinois Commerce Commission *et al.,* Appellees.

*Opinion filed September 29, 1965.*

THOMAS A. GRAHAM, of Chicago, and NEHRT AND CLOTFELTER, of Chester, (PAUL H. NEHRT, of counsel,) for appellant.

SCHIFF, HARDIN, WAITE, DORSCHEL AND BRITTON, and MAYER, FREIDLICH, SPIESS, TIERNEY, BROWN & PLATT, both of Chicago, (ROBERT L. STERN and WILLIAM T. HART, of counsel,) for appellee Illinois Power Company.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD G. FINNEGAN, Assistant Attorney General, of counsel,) for appellee Illinois Comerce Commission.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The circuit court of Randolph County affirmed an order of the Illinois Commerce Commission authorizing the Illinois Power Company to construct an extension of its electric transmission line. This appeal is taken by the Egyptian Electric Cooperative Association, which had unsuccessfully sought to intervene in the proceedings before the Commission.

The Illinois Power Company had endeavored to extend its transmission line in Randolph County a distance of some two miles in order to supply a proposed radio relay station to be erected by American Telephone and Telegraph Company. Easement rights were acquired across the properties of all but two of the landowners, who refused to negotiate. The Public Utilities Act permits an exercise

of the power of eminent domain for extensions which are ordered or authorized by the Commerce Commission (Ill. Rev. Stat. 1963, chap. 111⅔, par. 63) and the Illinois Power Company filed a petition for an order directing the present extension.

The Egyptian Electric Cooperative Association which operates in the same area, also desired to supply service to the relay station. It sought to intervene in the proceedings, alleging that it had an agreement with the telephone company to furnish the service which the Illinois Power Company intended to supply, that it had brought the 3-phase service requested by the telephone company to within 200 feet of the proposed delivery point, and that the public convenience and necessity did not require the proposed construction. The petition to intervene alleged further that the statute provides for an order only upon the Commission's own motion, or upon a complaint filed before it, and that there is no provision for hearing on the mere petition of a utility which seeks an order or direction to itself.

The Commission denied the petition to intervene, on the ground that the cooperative had shown no interest sufficient to entitle it to do so. An amended petition was filed alleging that the cooperative was a consumer of electric energy supplied by Illinois Power Company, and therefore had standing to intervene. After this was denied the cooperative purchased a strip of land surrounding the site of the proposed relay station, and then moved to file a second amended petition to intervene, on the ground that the company would be required to obtain a right of way across its land to construct the electric line. This motion was also denied and on December 19, 1963, the Commission entered its order directing the company to construct the proposed extension. When the cooperative appealed, the circuit court affirmed the orders of the Commerce Commission, and the cooperative has brought the cause directly here for further review as authorized by Rule 28—1 of this court. (Ill. Rev.

Stat. 1963, 1964 Supp., chap. 110, par. 101.28—1.) The questions presented are (1) whether the Commission was required to allow intervention, (2) whether the Commission lacked jurisdiction on the ground that the proceedings were not initiated by a complaint or on the Commission's own motion, and (3) whether the orders in question are adequately supported by findings.

The Commission and the power company contend that the appellant failed to show any right to intervene. The act grants to the Commission the power, in its discretion, to allow any person or corporation to intervene (Ill. Rev. Stat. 1963, chap. 111⅔, par. 69), and by rule the Commission has provided that intervention shall be determined upon written petition containing a plain and concise statement of the nature of such petitioner's interest. Rule IV (e) of the Rules of Practice of Illinois Commerce Commission.

By its original petition in the present proceeding the cooperative sought to intervene as a competitor. On the facts alleged, there was no abuse of discretion in denying permission to intervene. While it would be proper for the Commission to take into account the existing arrangement between the appellant and the telephone company as well as the proximity of its existing facilities, this falls short of showing any right in the appellant to participate as a party to the proceedings. The issue was not one of private but of public convenience and necessity, and the hearing before the Commission was not a partisan hearing but an administrative investigation to ascertain and make findings of fact. *Illinois Central Railroad Co.* v. *Commerce Com.* 399 Ill. 67; *Fleming* v. *Commerce Com.* 388 Ill. 138.

Nor was appellant's position any better under the amended petition or the second amended one. Allegations that it was a consumer, or that it was a landowner across whose property the proposed line would have to go, fail to show the required interest in the proceedings, in the absence of facts showing that the proposed order would

have a direct and adverse effect upon the appellant's rights. Here there is no allegation that the rates or services to appellant as a consumer would be substantially affected, and any rights it would have as a landowner may be asserted in the condemnation suit. They are not affected simply by the conferring of a power of eminent domain upon a utility corporation. (*Chicago, Burlington and Quincy Railroad Co.* v. *Cavanagh,* 278 Ill. 609; *Zurn* v. *City of Chicago,* 389 Ill. 114.) Since appellant was not a party to the proceeding, and alleged nothing to show its rights would be affected by the order, it has no standing to bring this appeal. Ill. Rev. Stat. 1963, chap. 111⅔, par. 72; *Public Utilities Com.* v. *Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.,* 285 Ill. 184.

We conclude that the circuit court properly affirmed the orders of the Commerce Commission. Its order is therefore affirmed.

*Order affirmed.*