Illinois Power Company, a Corporation, Petitioner-Appellant, v. Ruth M. Walter, et al., Magnolia Petroleum Company, a Corporation, Walter J. McGlasson, et al., United States of America, Egyptian Electric Cooperative Association, a Corporation, and The National Bank of Bloomington, a Corporation, as Trustee, Defendants-Appellees.

Gen. No. 65–63.

Fifth District.

October 14, 1966.

432

LeForgee, Samuels, Miller, Schroeder & Jackson, of Decatur, Schiff, Hardin, Waite, Dorschel & Britton, of Chicago, Conn & Clendenin, of Sparta (Thomas W. Samuels, E. Wayne Schroeder and William T. Hart, of counsel), for appellants.

Thomas A. Graham, of Chicago, Paul H. Nehrt, of Chester, for defendant-appellee, Egyptian Electric Cooperative Association, and Nehrt and Clotfelter, of Chester (Thomas A. Graham and Paul H. Nehrt, of counsel), for defendant-appellees, Gerald L. Stork and Cecelia E. Stork.

GOLDENHERSH, P. J.

Petitioner, Illinois Power Company, appeals from the order of the Circuit Court of Randolph County, sustaining the amended traverses of the defendants Stork and Egyptian Electric Cooperative Association, hereinafter referred to as Egyptian, and dismissing its petition for condemnation. Petitioner sought to condemn an easement over a strip of land 20 feet in width, over lands owned by defendants.

The petition for condemnation and the evidence adduced at the hearing show that petitioner, in 1929, purchased certain electrical properties of the Evansville Electric Company, hereinafter referred to as Evansville. On July 10, 1929, in Docket No. 19296, the Illinois Commerce Commission approved the purchase, and issued to petitioner a certificate of convenience and necessity, authorizing it to operate and transact an electric public utility business in the territory "now served by the electric utility of the Evansville Electric Company." The evidence shows that on January 4, 1928, in Docket No. 17608, the Illinois Commerce Commission had issued to Evansville a certificate of convenience and necessity for the construction and operation of an electrical line, beginning near Evansville, in Randolph County, and extending eastwardly through Walsh, thence northwardly, through Preston and Baldwin, and for the transaction of an electric public utility business along the route of said line, "but not to exceed a distance of one-half mile therefrom."

Also admitted in evidence is a certificate of convenience and necessity issued to petitioner by the Illinois Commerce Commission in Docket No. 41683, authorizing construction and operation of an electric transmission line from Sparta to Ruma, both in Randolph County.

On October 7, 1963, petitioner entered into a contract with American Telephone and Telegraph Company, hereinafter referred to as A. T. & T., to supply electricity to A. T. & T.'s relay station situated in Section 27, Township

5 South, Range 7 West, in Randolph County. On October 18, 1963, petitioner filed a petition with the Illinois Commerce Commission seeking an order under section 50 of the Public Utilities Act, (c 111⅔, Ill Rev Stats 1963), directing the construction, maintenance and operation of a 2-mile extension of its line running between Evansville and Walsh. The proposed extension is described as starting at a point approximately three-fourths mile west of Walsh, on the north line of Section 22 T. 5 S., R. 7 W., thence south to the south line of section 22, thence east for one-half mile, thence south to the delivery point in section 27. The delivery point is described as being located one and one-half miles south of petitioner's existing line. This proceeding was assigned Docket No. 49986.

After extensive hearings the Illinois Commerce Commission granted petitioner's petition, and on December 19, 1963, entered an order pursuant to section 50 of the Public Utilities Act, directing petitioner to construct, operate, and maintain the proposed extension, over a route designated in an exhibit attached to petitioner's petition. The subsequent history of this proceeding is reviewed in Egyptian Elec. Co-op. Ass'n v. Illinois Commerce Commission, 33 Ill2d 339, 211 NE2d 238.

The present litigation commenced with the filing of a petition for condemnation seeking to acquire an easement across defendants' lands. Petitioner's claim to the right of eminent domain is based upon the provisions of section 59 of the Public Utilities Act. Defendants Stork and Egyptian filed traverses, which, as amended, cover 38 pages in the record. The record contains 1665 pages, the abstract and additional abstract, 434 pages, the briefs, 160 pages, and the appendices to the briefs, 51 pages. It is not necessary to discuss the many points and issues briefed and discussed, for the reason that the determination of a single issue controls the decision of this appeal.

Petitioner contends that this issue was determined by the Supreme Court in the case of Egyptian Elec. Co-op.

Ass'n v. Illinois Commerce Commission (supra) and assuming, arguendo, that the question has not been finally determined, that section 5 of the Electric Supplier Act (ch 111⅔, § 405(b), Ill Rev Stats 1965), gives it the right to condemn the necessary rights-of-way to reach A. T. & T.'s relay station.

Petitioner concedes that its only certificate of convenience and necessity to operate and maintain the line which it proposes to extend, is that issued in Docket No. 19296, and that the underlying certificate, issued to Evansville in Docket No. 17608, restricts the operations to business along the route, "but not to exceed a distance of one-half mile therefrom."

Petitioner, relying upon Illinois Power & Light Corp. v. Illinois Commerce Commission, 320 Ill 427, 151 NE 236, argues that the Illinois Commerce Commission, in the Section 50 proceeding, ordered it to extend its line and render the service, and no certificate of convenience and necessity to serve the area beyond that designated in its presently held certificate, is necessary. We do not agree with petitioner's interpretation of the holding in the Illinois Power and Light case. We interpret the opinion to hold that the fact that the certificate there involved restricted the utility to a territory one-half mile wide, did not preclude it from appealing an order granting a certificate of convenience and necessity to a competitor in adjacent territory. The Supreme Court did not hold, as contended by petitioner, that the one-half mile restriction was not applicable. The opinion holds that the existence of the restriction did not preclude the certificated utility from applying for a certificate to serve other territory, nor did it prevent the commission from entering an order upon its own motion, or upon complaint of some person desiring service, extending the territory in which the utility could render service.

Section 55 of the Public Utilities Act provides that no utility shall transact business without a certificate of con-

venience and necessity. In Palmyra Tel. Co. v. Modesto Tel. Co., 336 Ill 158, 167 NE 860, the Supreme Court, discussing the area which a utility was authorized to serve, said, at page 163: "It can lawfully serve no territory not embraced in its certificate of convenience and necessity."

█ In view of the Supreme Court's holding in Palmyra, if the Illinois Commerce Commission were to order, in a Section 50 proceeding, that a public utility render service in an area outside the territory for which it was certificated, the public utility may not serve such additional territory until it has been issued a certificate of convenience and necessity authorizing it to render the service.

Unless, as contended by petitioner, the proposed extension is governed solely by the provisions of Section 50, and therefore, exempt from section 55 of the Public Utilities Act, in the absence of a certificate of convenience and necessity to serve the area of A. T. & T.'s relay station, petitioner may not render the proposed service, and its condemnation action must fail.

██ Counsel have not cited, nor has this court found, any Illinois case that holds that the word "extension," as used in Section 50, and the term "in extension thereof," as used in section 55 of the Public Utilities Act, are intended to mean an extension of the territory or area which the utility is authorized to serve. In the absence of such authority, we hold that the "extension" contemplated by section 50 of the Public Utilities Act, is an extension of facilities within the territorial scope of the utility's certificate of convenience and necessity. Because petitioner holds no certificate of convenience and necessity to serve the territory here involved, the Section 50 order, in the absence of a certificate of convenience and necessity, is not sufficient to confer upon petitioner the right of eminent domain.

An examination of the order issued by the Illinois Commerce Commission on December 19, 1963, shows that the

Illinois Commerce Commission predicated its order, in part, on the following findings:

"that by virtue of the authority granted by this Commission to the petitioner in Docket No. 19296 and pursuant to the Public Utilities Act, petitioner is authorized to build the proposed extension of its existing electric line."

At the hearing before the Examiner for the Illinois Commerce Commission, Mr. Leigh, described as an Administrative Assistant for petitioner, was asked the following question, and made the following answer:

"Q. Does the Commission certificate in Docket No. 19296 contain what is sometimes referred to as a territorial limitation?

"A. There is no territorial limitation."

This answer is obviously incorrect, since there is a territorial restriction contained in the certificate of convenience and necessity issued to Evansville in Docket No. 17608, which is the basis for the certificate issued to petitioner in Docket No. 19296.

This court will not speculate, nor engage in conjecture, as to whether the Illinois Commerce Commission chose to ignore the restriction imposed by the above described certificates, or whether its order was entered under the mistaken impression that there was no such restriction. In either event, we hold that petitioner, at the time of the filing of its petition for condemnation, did not hold a certificate of convenience and necessity authorizing it to render service beyond one-half mile on either side of its Evansville-Walsh line, which it now proposes to extend.

■ Petitioner argues that the Supreme Court, in Egyptian Elec. Co-op. Ass'n v. Illinois Commerce Commission (supra), held that the order of the Illinois Commerce Commission is valid, and that it determined the issues here presented. The Supreme Court has repeatedly held

438

that a judicial opinion is authority only for what is actually decided. Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785; Village of Lombard v. Illinois Bell Tel. Co., 405 Ill 209, 90 NE2d 105. The opinion of the Supreme Court holds only that the Illinois Commerce Commission did not err in denying Egyptian's successive petitions for leave to intervene, and that Egyptian had no standing to bring the appeal. The court specifically stated that any rights which the landowners might have may be asserted in the condemnation suit, and those rights are not affected simply by the conferring of a power of eminent domain upon a utility corporation.

The Supreme Court has held that the power of eminent domain can be exercised by a corporation only when such grant is specifically conferred by legislative enactment, and then only in the manner and by the agency so authorized. Department of Public Works & Buildings v. Ryan, 357 Ill 150, 191 NE 259. In this proceeding, the defendant landowners have the right to question whether the petitioner is so empowered. The defendant landowners may further question whether the taking is necessary for a public use. This latter issue is to be determined by the court, and the finding of the Illinois Commerce Commission that condemnation of the land is necessary is not conclusive. Inter-State Water Co. v. Adkins, 327 Ill 356, 158 NE 685; Chicago B. & Q. R. Co. v. Cavanagh, 278 Ill 609, 116 NE 128. Because it is apparent from the record that plaintiff does not hold a certificate of convenience and necessity authorizing it to serve the site of A. T. & T.'s relay station, it does not have the power of eminent domain, and the order of the Illinois Commerce Commission, based on Section 50 of the Public Utilities Act, standing alone, is not sufficient to confer the necessary power. In view of our holding on this issue, we do not reach the question of whether under the evidence presented, the proposed taking is for a public use.

We next consider petitioner's contention that the provisions of section 5 of the Electric Supplier Act confer upon it the power of eminent domain to condemn the rights of way here sought. By its own terms, this legislation did not become effective until July 2, 1965, and, therefore, it does not apply to the situation here reviewed. Since we hold it to be inapplicable here, we do not consider petitioner's contentions with regard to the effect of its contract with A. T. & T.

Much of the evidence adduced at the hearing, and many of the matters discussed in the briefs, are not relevant to the issues in this case. Many of the findings set out in the trial court's order are unsupported by competent, relevant evidence, are repetitious, and are not material to, or necessary for, the decision of this case. Accordingly, it is ordered that the findings numbered 2, 3, 7, 8, 10, 11, 12, 13, 14 and 15 be stricken from the order.

Although not urged as error, we question the propriety of the dismissal of the petition "with prejudice." Allen v. City of Chicago, 176 Ill 113, 52 NE 33.

In this unduly lengthy record and these needlessly extensive briefs, learned counsel, with great erudition, and an impressive display of knowledge of classical literature, have discussed sophistry as practiced in ancient Greece, and have, at length, expounded the conflicting philosophies of the proponents of electrical cooperatives and the votaries of investor-owned utilities. The court finds this edifying, and except for the time consumed in its perusal, would have found it entertaining. In the event of further litigation between these parties, it is suggested that the evidence and argument be limited to the issues necessary to the determination of the rights of the parties.

For the reasons herein set forth, the order of the Circuit Court of Randolph County dismissing the petition is modified by striking the findings therein contained num-

bered 2, 3, 7, 8, 10, 11, 12, 13, 14 and 15, and that portion thereof that provides that the dismissal be "with prejudice." As so modified, the order is affirmed.

Order modified, and as modified, affirmed.

MORAN and EBERSPACHER, JJ., concur.