BALTIMORE & OHIO RAILROAD COMPANY *v.*
BREMEN GRANGE NO. 2160.

[No. 19,885. Filed February 26, 1964.]

*Leigh L. Hunt, Hunt, Suedhoff & Wilks,* of Fort Wayne and *Ralph M. Buzek,* of Chicago, Illinois, for appellant.

*Paul J. Schwertley,* of South Bend, for appellee.

MOTE, J.—This case comes before this court for judicial review of an order of the Public Service Commission of Indiana, which required appellant, the Baltimore and Ohio Railroad, to provide a watchman or flagman at its railway crossing with the Miami Road in Marshall County, Indiana. The order provided that, as a substitution for the flagman, standard flasher lights should be installed.

The action was commenced when appellee filed, with the Public Service Commission, a "Petition to Require Respondent to Install Automatic Gong or Bell at Railroad Crossing." A hearing was held before an attorney examiner representing the Public Service Commission, who reported the facts to the full Commission. A finding in favor of appellee was made by the Commission and said order entered May 25, 1962. Appellant filed a petition for rehearing which was denied on July 13, 1962.

Appellant's assignment of error, filed in this court October 11, 1962, is as follows:

"The appellant avers that there is manifest error in the order of The Public Service Commission of Indiana, issued May 25, 1962, and July 13, 1962, in Cause No. 29,291, which is prejudicial to Appellant, in that said order of the Commission is contrary to law."

An assignment of errors that the order of the Public Service Commission is contrary to law is sufficient to present both the questions of sufficiency of the facts found to sustain the order and the sufficiency of evidence to sustain the findings of

fact. See, §54-443, Burns' 1951 Replacement (Supp. 1963).

The pertinent findings of fact are as follows:

" . . .

"3. That the Respondent Railroad runs east and west at the point where it intersects the Miami Road in Marshall County, Indiana, which road runs north and south in said County and creates a grade crossing at approximately right angles to the tracks of the Respondent, the Baltimore and Ohio Railroad.

"4. That based upon testimony by Respondent's witnesses, the Commission determines that there are 6 passenger trains running daily on the tracks of the Respondent at the crossing under investigation. That there are 12 freight trains running daily at said location.

That the speeds of said trains are as follows:

Passenger Train .........75 miles per hour
Freight Trains ..........60 miles per hour
Local Freight Trains .....50 miles per hour

"5. That Miami Road in Marshall County, Indiana, is an improved black top highway which is used extensively by the public, and that it is a major county highway as that term is used in modern traffic parlance and as compared to minor county roads.

"6. That the grade crossing in question is one of potential danger to the traveling public, and that the history of said crossing shows several accidents and at least one fatality occurring at said grade crossing.

"7. That the said grade crossing is located in a position in reference to the surrounding topography so that the exact intersection of the road bed of the railroad with the said highway is approximately 3 to 5 feet lower than the elevation of the highway at a point 75 to 150 feet in the highway each direction from the tracks of the railroad. That there are earth banks on each side of the railroad tracks which obstructs the view of the tracks until

a point of observation approximately 35 feet from the tracks is reached.

"8. That the obstructed view is caused by the difference in elevation of the land on each side of the railroad tracks and that said obstructions are not susceptible of removal.

"9. That to insure a clear and unobstructed view at the crossing, it is necessary to proceed to a point within approximately 35 feet of the railroad tracks on either side where a safe view of the tracks to the east and to the west can be obtained.

" . . . "

This proceeding is within the purview of §55-2016, Burns' 1951 Replacement, which provides:

"View obstructed—Flagman or automatic signal. —The public service commission of Indiana is hereby authorized and empowered to require that all persons, firms or corporations owning or operating any railroad or interurban railroad within this state shall, at all public crossings where the view of approaching trains is obstructed, if said persons, firms or corporations are unable to remove said obstructions as herein provided, equip such public crossings with a flagman or an automatic gong or bell so as to warn the traveling public of an approaching car or train. [Acts 1915, ch. 49, §1, p. 105.]"

It is apparent that if this is a public crossing, with the view of approaching trains obstructed, and said obstruction is not susceptible of removal, the order is within the jurisdiction of the Commission. The Commission, however, must specifically find these facts upon which the order is based. *General Telephone Company of Indiana, Inc.* v. *Public Service Commission of Indiana et al.* (1958), 238 Ind. 646, 150 N. E. 2d 891. There must be substantial evidence presented in the case to support the findings of fact. *Kosciusko County Rural Electric Membership*

*Corp. et al.* v. *Public Service Commission et al.* (1948), 225 Ind. 666, 77 N. E. 2d 572.

An examination of the Commission's findings, set forth above, support the order. Findings #3 and #5 show a public crossing. Findings #7 and #8 show that the view is obstructed and said obstruction is not susceptible of removal.

Further inquiry, however, shows a complete lack of evidence as to the removability of said obstruction and appellee so concedes. Accordingly this proceeding is remanded to the Public Service Commission of Indiana with instructions for said Public Service Commission to receive additional evidence upon the issue concerning the existence of said obstruction and the removability thereof, and such further proceedings as may be consistent herewith.

Carson, C. J., Cooper, J., Faulconer, J., Hunter, P. J., Kelley and Ryan, JJ., concur; Pfaff, J., dissents with opinion.

### DISSENTING OPINION

PFAFF, J.—I cannot agree with the majority opinion. This cause originated before the Public Service Commission, which is an administrative tribunal. The proceedings before this tribunal are not judicial in nature, *Indiana Tel. Corp.* v. *Pub. Serv. Comm.* (1960), 131 Ind. App. 314, 171 N. E. 2d 111, and therefore are never as rigid, standardized or formal as those before the courts. See also *In re Northwestern Indiana Tel. Co.* (1930), 201 Ind. 667, 171 N. E. 65. The majority opinion treats this matter as judicial in nature.

The record discloses that a hearing was had before an attorney examiner who reported his findings to the Commission. The majority opinion states that "It is ap-

parent that if this is a public crossing, with the view of approaching trains obstructed, and said obstruction is not susceptible of removal, the order is within the jurisdiction of the Commission." The Commission made such finding upon the recommendation of the hearing examiner who had an opportunity to examine the crossing (by agreement of the interested parties), interviewed witnesses and conducted a thorough investigation of all the facts pertaining to the matter in question.

It is apparent that this is a dangerous crossing to the traveling public, that several accidents and at least one fatality have occurred at this crossing within the past few years, and that the finding or order of the Commission should be affirmed, which would give aid and comfort not only to the residents of that community, but to the public in general.

NOTE.—Reported in 196 N. E. 2d 420.