PENNSYLVANIA RAILROAD CO. *v.* TOWN BOARD OF TRUSTEES OF THE TOWN OF EDINBURG ET AL.

[No. 20,306. Filed July 1, 1966.]

*White, Raub, Reis & Wick,* of Indianapolis, and *Calvin K. Hubbell,* of counsel, of Valparaiso, for appellant.

*Baron O. LaGrange,* of Edinburg, *Paul Hirsch,* Public Counselor, and *John J. Dillon,* Attorney General, for appellees.

SMITH, C. J.—This was a proceeding before the Public Service Commission of Indiana originating from an appeal taken to the commission by the appellant, The Pennsylvania Railroad Company, from a resolution adopted by appellee, The Town Board of Trustees of the Town of Edinburg, Indiana. The resolution petitioned the appellant to install automatic flashing light signals and an electric gong at the intersection of its tracks and right-of-way with a roadway known as Perry Street in the Town of Edinburg.

The issue before the commission presented the question whether the intersection of appellant's tracks with Perry Street in the Town of Edinburg, Indiana, was dangerous and obstructed; and whether the public safety required the installation of automatic flashing light signals at said intersection, as petitioned for by the appellees. This issue was decided in favor of appellees by the Public Service Commission of

Indiana in its final order. The commission in its final order, in substance, found that the intersection in question was dangerous and obstructive; and that the public safety required the installation of automatic flashing lights at said intersection.

Six assignments of error are urged by the appellant. They are as follows:

(1) The final order of the Public Service Commission of Indiana, approved and entered on September 18, 1964, requiring appellant to install automatic train activated flashing signals and electric gongs at the intersection of Perry Street and appellant's railroad in the Town of Edinburg, Indiana, is contrary to law.

(2) The Commission erred in approving and entering its final order of September 18, 1964, by failing to consider or weigh certain persuasive and undisputed evidence introduced by appellant at the hearing before the Commission on August 19, 1964.

(3) The Commission erred in its rulings on certain objections to the admission of evidence at the public hearings before the Commission on August 6, 1964 and August 19, 1964.

(4) The Commission erred in overruling appellant's objection to and motion to strike the testimony of a certain staff member of the Commission who testified at the public hearing before the Commission on August 19, 1964.

(5) The Commission erred in overruling appellant's motion to dismiss the proceedings before the Commission at the conclusion of appellees' case.

(6) The Commission erred in overruling appellant's motion to dismiss the proceedings before the Commission at the conclusion of all the evidence presented in the case.

Since substantially the same question is raised by assignment of errors (1), (5) and (6), and a determination of the question raised by assignment of error (1) will necessarily determine and render moot the question of errors raised by assignment of errors (5) and (6), we will group a consideration of these assignments under one heading. Assignment of error (3) has been waived by the appellant.

The first assigned error, in substance, raises the question whether the final order of the Public Service Commission of Indiana (hereinafter referred to as the commission), approved and entered in September 18, 1964, requiring appellant to install automatic train activated flashing signals and electric gongs at the intersection of Perry Street and the appellant's railroad tracks in the Town of Edinburg, Indiana, is contrary to law.

Pursuant to the Acts of 1957, Ch. 189, § 1, p. 395, (Burns Indiana Statutes 54-443, 1964 Supplement), an assignment of error alleging that an order of the commission is contrary to law, is sufficient to present both the questions of the sufficiency of the facts found to sustain the order and the sufficiency of the evidence to sustain the findings of fact. *The Baltimore and Ohio Railroad Company* v. *Bremen Grange No. 2160* (1964), 135 Ind. App. 621, 196 N. E. (2d) 420.

The pertinent part of the above cited statute reads as follows:

"An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered."

It has been decided by our courts that to be valid, an order of the commission is required to be based upon facts found by the commission which in turn are required to be based upon substantial evidence. The findings of fact are required to be supported by substantial evidence presented, and if there is an insufficiency or a lack of evidence in the record to support the findings of the commission, the order of the commission is void. *Baltimore and Ohio Railroad Company* v. *Bremen Grange No. 2160, supra; Public Service Commission of Indiana, et al., etc.* v. *Indiana Bell Telephone Co.* (1955), 235 Ind. 1, 130 N. E. (2d) 467; *Kosciusko County*

*Rural Electric Membership Corp. et al.* v. *Public Service Commission, et al.* (1948), 225 Ind. 666, 77 N. E. (2d) 572; *Public Service Commission, State of Indiana Through The State Highway Commission of Indiana* v. *Fort Wayne Union Railway Company* (1953), 232 Ind. 82, 111 N. E. (2d) 719.

The specific questions which we are called upon to decide are:

(1) Whether the final order of the commission, approved and entered on September 18, 1964, is supported by sufficient findings of fact; and

(2) Whether there is sufficient and substantial evidence in the record to support the findings of fact?

To properly answer these questions, it becomes necessary to examine and evaluate the pertinent findings of fact made by the commission, which are as follows:

". . . 3. That Perry Street in the Town of Edinburg, Indiana is now a main through street in said town since the closing of Campbell Street which lies one block north of Perry Street; that since the closing of Campbell Street, Perry Street is heavily traveled by motorists.

"4. That the tracks of the Pennsylvania Railroad traverse the Town of Edinburg, Indiana in a north-south direction and that said tracks create a grade crossing where they cross Perry Street in said town.

"5. That at the intersection of the Pennsylvania Railroad with Perry Street, the Pennsylvania Railroad maintains one main line, one passing track and three spur tracks; that three passenger trains pass over this crossing each day except Saturday, when only four freight trains cross at this intersection, each of the trains traveling at speeds between 30 and 40 miles per hour; that said railroad also conducts switching operations at said crossing.

"6. That buildings obstruct the view of approaching motorists and pedestrians on either side of the said Perry Street intersection which buildings are not removable.

"7. That on Perry Street west of the tracks and on the south side of the street there is a building which completely obstructs the view of a train traveling from South to North on said railroad tracks. This building is 52 feet wide and

approximately 200 feet long; that from the street to the north side of the building it is approximately 14 feet and from one of the spurs (railroad tracks) it is 6.4 feet to the east side of the building and from the passing track it is 19 feet, and from the main track to the east side of the building it is approximately 31 feet; that because of the location of this building and the nearness of the tracks to the east side of the building it is impossible to see a train approaching from the south, unless and until a motorist almost reaches the railroad tracks.

"8. That the obstructed view as detailed in Finding No. 7 and the number of passenger and freight trains traveling across the tracks at said intersection daily, with a crossbuck sign and the ringing of a bell as the only protection to the public, creates a dangerous and hazardous crossing.

"9. That in addition to the view of the Perry Street crossing being obstructed by commercial and industrial buildings, which are not removable, there is additional view obstruction by large stacks of lumber on the northwest side of the crossing and at times by large stacks of lumber on the northwest side of the crossing and at times by large trucks on the southeast side of the crossing.

"10. That the evidence shows and the Commission finds that the public safety and convenience will best be served by the installation of automatic flashing signal devices with electric gong at said Perry Street crossing of the Pennsylvania Railroad in the Town of Edinburg, Indiana."

The first question to be determined is whether the order of the commission is supported by sufficient findings of fact.

It appears from an examination of the order of the commission that it is not supported by sufficient findings of fact in several respects. *Specifically no finding was made that the crossing in question is subjected to any public use, either by motorists or pedestrians.*

Because the crucial and ultimate issue to be determined by the commission was whether *public safety* required the installation of additional protective devices at the crossing in question, a specific finding that said crossing is subjected to *public use* is a mandatory finding.

The second question to be determined is whether there is sufficient evidence in the record to support the findings of fact relied upon by the commission to support its final order.

From an examination of the evidence it appears that there is not sufficient evidence to support the conclusion in finding number 3, ". . . that since the closing of Campbell Street, Perry Street is heavily traveled by motorists." The record evidence does not disclose the number of motorists traveling on Perry Street for any given period of time which would serve as a basis for a finding or conclusion that the street is "heavily traveled." Also, there is no evidence to support the finding "that since the closing of Campbell Street, Perry Street is heavily traveled."

Even if it is assumed arguendo that finding of fact number 3, or the conclusion contained therein, is supported by sufficient evidence, it would not lend support to the validity of the order, the reason being that no evidence was presented and no finding was made by the commission that any of the "motorists" traverse the crossing.

Neither is there any evidence in the record to support the conclusion in finding number 5, ". . . that three passenger trains pass over this crossing each day; that six freight trains also use this crossing each day except Saturday, when only four freight trains cross at this intersection, each of the trains traveling at speeds between 30 and 40 miles per hour." The evidence that appears in the record concerning the movement of trains over the crossing was presented by appellee Bill Schaffer, who stated that he had observed the switching of trains on the side tracks; by appellees' witness Henry Conover, who had no knowledge of the number of trains traversing the crossing in the course of a day, stating that he knew there was a great deal of switching in the area and that the crossing was used for through passenger trains; by appellees' witness Ernest Richards, who stated that he did not know how many trains traversed the crossing; by L. A. DeJean,

Director of the Railroad Department of the Commission, who stated that he only saw one passenger train while making his inspection of the crossing; and, by appellant's witness J. J. Robinson, who stated that "at the present time we have a local freight train, that switches Monday through Friday at Edinburg."

It seems quite apparent that this evidence does not support a specific finding of the commission that ". . . three passenger trains pass over this crossing each day; that six freight trains also use this crossing each day except Saturday, when only four freight trains cross at this intersection, each of the trains traveling at speeds between 30 and 40 miles per hour."

There is also insufficient evidence in the record to support the ultimate finding or conclusion contained in finding number 8, which reads as follows: "That the obstructed view as detailed in Finding No. 7 and the number of passengers and freight trains traveling across the tracks at said intersection daily, with crossbuck sign and the ringing of a bell as the only protection to the public, creates a dangerous and hazardous crossing." This conclusion is correct because the finding is based upon the number of passenger and freight trains specifically found to traverse the crossing daily as set forth in finding number 5, a finding which has been shown to be wholly unsupported by the evidence.

Further, the evidence does not support the following conclusion in finding number 8:

". . . a crossbuck sign and the ringing of a bell . . . [provide] the *only* protection to the public. . . ." (Emphasis supplied)

The record discloses that the undisputed evidence reveals that in addition to a crossbuck sign and the ringing of a bell, other protection is provided by the appellant at the crossing.

In the light of our ruling that the order of the commission is contrary to law, it will not be necessary to decide the following errors as set forth in appellant's brief:

(1)   The commission erred in approving and entering its final order of September 15, 1964, by failing to consider or weigh certain persuasive and undisputed evidence introduced by appellant at the hearing before the commission on August 19, 1964; and

(2)   the commission erred in overruling appellant's objection and motion to strike the testimony of a certain staff member of the commission who testified at the public hearing before the commission on August 19, 1964.

For the reasons set out herein it is our opinion that the final order of the Public Service Commission of Indiana, entered and approved on September 18, 1964 in this cause, should be set aside.

The cause is reversed with instructions to the Public Service Commission to set aside its final order, entered and approved on September 18, 1964.

Judgment reversed.

Bierly and Hunter, JJ., concur; Mote, J., concurs in result.

NOTE.—Reported in 218 N. E. 2d 171.