CHICAGO & CALUMET DIST. TRANSIT CO., INC. ET AL. *v.* PSC

[No. 769A135. Filed July 30, 1970. Rehearing denied September 10, 1970. Transfer denied December 30, 1970.]

*Harry J. Harman, Kriner & Harman,* of Indianapolis, *Owen W. Crumpacker, Harold Abrahamson, Kenneth D. Reed,* of Hammon, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, *Robert W. Loser II, Loser & Loser,* of Indianapolis, for appellee, Van Der Aa Bros. School Bus Lines.

COOPER, J.—This is a judicial review of a decision of the Public Service Commission of Indiana entitled below: "In the Matter of the Application of Van Der Aa Bros. School Bus Lines, South Holland, Illinois, and Hammond, Indiana, for a Certificate of Public Convenience and Necessity to Operate Motor Vehicles as a Common Carrier of Passengers, Intrastate."

The record reveals that after the conclusion of all the evidence submitted in this cause, the Commission entered its findings and order, which said findings and order, omitting the formal parts, signatures, and legal descriptions contained therein, read as follows:

"The Commission . . ., after examining the application, pleading and briefs and being fully advised in the premises, is of the opinion and now finds:

"1.  That the Commission has jurisdiction over the subject matter of the application and the parties thereto.

"2.  That there is a public need for the transportation facilities and services as proposed by the Applicant in the instant application and that existing transportation services are not adequate to meet the needs of the public.

"3.  That the Applicant is fit, willing and able financially to conduct the proposed operation and to furnish adequate

transportation services as proposed in the instant application.

"4. That public convenience and necessity require the services as proposed in the application; and that the granting of the same will not impair the existing public service of any authorized common carrier now serving the territory proposed to be served as set out in such application.

"5. That the Applicant is familiar and is willing to operate in conformity with the laws of the State of Indiana and specifically with the Motor Carrier Act of 1935, as amended, and the rules and regulations of the Public Service Commission of Indiana duly adopted and promulgated thereunder.

"6. That the granting of the instant authority will not affect and place a burden upon the highways and bridges of this state, and the use thereof by the traveling public; and will not threaten the safety of the traveling public or be detrimental to the public welfare.

"7. That an order should be approved for the issuance of a certificate of public convenience and necessity to the Applicant upon the performances of the conditions as hereinafter set out; and it will be so ordered.

"8. That on February 28, 1968, the Protestants herein, Chicago and Calumet District Transit Co., Inc. and Amalgamated Transit Union, AFL-CIO, Division 517, by counsel, filed timely exceptions to the Examiner's report and recommended order and filed therewith a request for oral argument and the Commission, having considered the Protestants' exceptions and the response thereto on behalf of the Applicant finds that said exceptions should be overruled and the request for oral argument denied, and it will be so ordered.

"IT IS THEREFORE ORDERED BY THE PUBLIC SERVICE COMMISSION OF INDIANA that a Certificate of Public Convenience and Necessity be issued to Van Der Aa Bros. School Bus Lines, South Holland, Illinois, to operate motor vehicles as a common carrier of passengers, intrastate, upon the performance of the conditions as hereinafter set out, as follows, to-wit:

*Public School Children Only*

Between Eads School, Munster, Indiana, and points in Munster, Indiana

RESTRICTION: No charter service will be performed.

"IT IS FURTHER ORDERED BY THE COMMISSION that the temporay authority granted under Docket No. 8555-A, (1) be and the same is canceled upon the issuance of this certificate.

"IT IS FURTHER ORDERED BY THE COMMISSION that the motion for dismissal, filed by Protestants on March 13, 1968, and renewed during the course of the hearing, be and the same hereby is overruled.

"IT IS FURTHER ORDERED BY THE COMMISSION that the Protestants' exceptions to the Examiner's report and recommended order be and the same hereby are, overruled and that Protestants' request for oral argument on said exceptions be, and the same is, hereby denied.

"IT IS FURTHER ORDERED that no intrastate certificate or permit, as the case may be, shall be issued herein unless applicant has performed each and all of the following conditions precedent: (1) applicant shall file and at all time thereafter keep on file insurance as provided by law and the Commission's regulations, and subject to the approval of the Commission; (2) applicant if a common carrier, shall file with the Commission three (3) copies of a tariff and if a contract carrier, shall file with the Commission three copies of a schedule of minimum rates together with one copy of each contract, all in accordance with the laws of the State of Indiana and the rules and regulations of this Commission.

"IT IS FURTHER ORDERED that the entry of this order shall create no property rights or authority to operate for the applicant without the performance of the foregoing requirements, and should applicant fail to qualify as hereinabove provided, this order shall be AUTOMATICALLY REVOKED at the expiration of 60 days from its entry herein without further notice or proceedings.

"IT IS FURTHER ORDERED that applicant shall comply with all applicable provisions of the Motor Vehicle Act of the State of Indiana, 1935, as amended; the applicant shall abide by any and all applicable rules, regulations, and orders of the Commission now in effect or which may hereafter be adopted.

"IT IS FURTHER ORDERED and it is made a condition to the issuance of a certificate or permit, that the holder thereof shall render reasonable, continuous and adequate service to the public in pursuant of the authority herein granted, and that failure so to do shall constitute an aban-

donment of the rights granted herein and shall operate as a forfeiture of said certificate or permit.

"IT IS FURTHER ORDERED that the service contemplated herein may not be instituted by applicant prior to the issuance of the operating authority (certificate of public convenience and necessity or permit).

"IT IS FURTHER ORDERED that this Commission retain jurisdiction of the subject matter and of the party or parties hereto for the purpose of issuing any further order or orders as the Commission may deem necessary.

"RYAN AND STEIN CONCUR; CLANCY DISSENTS: APPROVED: May 23, 1969

I hereby certify that the above is a true and correct copy of the order as approved.

/s/ Benton W. O'Bryan
    SECRETARY"

Thereafter, the protestants-appellants in the proceeding before the Commission, Chicago & Calumet District Transit Company, Inc., and Amalgamated Transit Union, AFL-CIO, Division 517, filed their petition for a rehearing and a request for oral argument. The petition was denied by the Commission, and this action followed.

The assigned error in this court is that the decision, ruling and order of the Public Service Commission of Indiana is contrary to law.

The facts of this case show that the applicant, Van Der Aa Bros. School Bus Lines, is an Illinois partnership and operates its bus service from South Holland, Illinois. The applicant began school bus service in Munster, Indiana, in 1964, when an ad hoc parents' organization contracted with applicant to provide its children with school bus service to Eads Elementary School, Munster, Indiana. The applicant's services were sought by this organization because their children lived within a mile and a half of the school and thus they were not provided bus service by the Eads School.

On March 6, 1968, Van Der Aa Bus Lines applied to the Public Service Commission of Indiana for a certificate to

operate motor vehicles as a common carrier of persons in intrastate commerce. Attached as an exhibit to said application was the statement:

"*Public School Children Only*

Between Eads School, Munster, Indiana, and points in Munster, Indiana.

RESTRICTION: No charter service will be performed."

The appellant, Chicago & Calumet District Transit Company, Inc., operates its bus services from Hammond, Indiana and has been providing bus service to various schools in the cities of Hammond, East Chicago, Whiting, and other surrounding localities for a period of years. Said appellant filed a motion to dismiss applicant's application before the Public Service Commission of Indiana and also filed a protest to the application for temporary and permanent authority of Van Der Aa Bros. School Bus Lines.

On June 12 and June 13, 1968, a public hearing was held before a Commission Hearing Examiner on the merits of Van Der Aa's application. On February 18, 1969, the Hearing Examiner recommended that a Certificate of Public Convenience and Necessity be issued to the applicant and that the appellant's motion to dismiss be overruled.

In February 1969, appellants submitted to the full Board of the Public Service Commission of Indiana their exceptions to the examiner's recommendation, filed a brief in support thereof, and a request for oral argument. On May 23, 1969, the Public Service Commission of Indiana entered its findings and order that a Certificate of Public Convenience and Necessity be issued to Van Der Aa Bros. School Bus Lines.

Thereafter, appellants filed their Petition for Rehearing and/or Reconsideration of the Commission's order. Said petition was denied, and this action followed.

Basically, three questions are presented for our determination:

1. Whether the Public Service Commission of Indiana had jurisdiction to issue a Certificate of Public Convenience and Necessity in this case;

2. If the Public Service Commission of Indiana had jurisdiction, whether there was sufficient evidence to support the findings and order of the Public Commission of Indiana;

3. Whether the action of the Public Service Commission of Indiana in ordering the issuance of a certificate to the applicant was lawful.

The appellants first contend that the Public Service Commission of Indiana does not have jurisdiction to consider the matter of issuing the applicant a Certificate of Public Convience and Necessity. Appellants allege that the City of Hammand has been granted exclusive jurisdiction in this matter.

The appellants base their contention upon the fact that the City of Hammond entered into a contract with and granted a franchise to the appellants in 1924. Appellants state that in 1925, the legislature gave the Public Service Commission of Indiana the authority to control and regulate motor transportation operating within the state, but that the legislature enacted Acts 1925, ch. 46, § 5, as found in Burns' Ind. Stat. Anno. § 10-168, which specifically excluded the jurisdiction of the Public Service Commission of Indiana over motor transportation where there was a pre-existing franchise agreement. Burns' 10-168, *supra*, was repealed in 1935, and replaced by Acts of 1935, ch. 287, § 3; Acts of 1937, ch. 300, § 2; Acts of 1939, ch. 42, § 1; Acts of 1941, ch. 222, § 2; Acts of 1953, ch. 272, § 1; Acts of 1955, ch. 271, § 1; Acts of 1957, ch. 27, § 1; Acts of 1961, ch. 204, § 1, as now found in Burns' Ind. Stat. Anno. § 47-1213 (1965) (Repl.), the pertinent parts of which read as follows:

"The provisions of this act [§§ 47-1211—47-1250] shall not apply:

"(a) To motor vehicles, if owned by bona fide residents of the state of Indiana, engaged in transporting property between point of origin and point of destination, both of said points being within the same city or town, and/or

the suburban territory of such city or town as herein defined: Provided, however, That in any city or town of this state where motor transportation of passengers is now furnished by a common carrier, as defined in this act, under a franchise or contract duly granted by any city or town, as provided generally by law, for the granting of franchise or contracts, or where such motor transportation is now regulated and controlled by ordinance, and by such method the routes, rates, service, and other matters connected with such motor transportation are covered by any such franchise, contract, or ordinance, then the board of public works, or such board of any city having control of the streets of any such city, common council, or board of trustees, as the case may be, shall continue to supervise, control, regulate and permit such motor transportation *within the boundaries of any such city or town,* and in all cases where any such motor transportation and the routes thereof originate within the county in which such city or town is located; and any such city or town shall determine when, if at all, any competing service shall be established for public convenience and necessity within the territory aforesaid *where the streets of any such city or town are used as routes for such motor transportation of passengers . . ."* (Our emphasis)

Since the City of Hammond did issue a franchise prior to the Public Service Commission of Indiana being authorized to regulate motor vehicles, appellants argue that by reason of the exemption set out in the above-quoted section of the statute the City of Hammond, and not the Public Service Commission of Indiana, has jurisdiction over the application by Van Der Aa Brothers.

The appellants cite as authority for their position the case of *Denny* v. *Brady, Rec.* (1928) 201 Ind. 59, 163 N. E. 489, (Reh. Den.). In the case of *Denny* v. *Brady, supra,* the court held that the City of Muncie was within the exclusionary provision of Burns' § 10-168, *supra,* and that the City of Muncie, not the Public Service Commission, had jurisdiction over motor vehicles operating within that city.

This court does not agree that *Denny* v. *Brady, supra,* is relevant to the determination of the issue in this case. In

*Denny* v. *Brady, supra,* the issue was whether the City of Muncie or the Public Service Commission had jurisdiction inside Muncie. In the present case, the issue is whether the Public Service Commission of Indiana or the City of Hammond has jurisdiction over motor transportation inside Munster.

The pertinent part of Burns' § 47-1213, *supra,* is as follows:

" . . . and any city or town shall determine when, if at all, any competing service shall be established for public convenience and necessity within the territory aforesaid *where the streets of any such city or town are used* as routes for such motor transportation of passengers . . . " (Our emphasis)

The language of the statute is clear. It does not confer jurisdiction on the City of Hammond by reason of its franchise to determine an application for operations in any other city or town. The evidence shows that the applicant sought authority to operate solely within the City of Munster, from one particular residential area in Munster to the Eads School which is also in Munster. Since the applicant was not seeking authority to operate within the City of Hammond, the exemption provisions of Burns' § 47-1213, *supra,* cannot be applied to exclude jurisdiction in the Public Service Commission of Indiana.

We now turn to the consideration of whether there was sufficient evidence before the Public Service Commission of Indiana to support its findings and order, and whether such order was contrary to law.

Appellants allege that the Commission's finding did not support the ultimate conclusion that an order should be approved for the issuance of a Certificate of Public Convenience and Necessity to the applicant, and further, that the order granting the applicant authority to operate as a common carrier of passengers is not supported by the evidence and is therefore contrary to law.

The transcript of the evidence before the hearing examiner reveals that Mitchell J. Van Der Aa testified he proposed to serve one school in the City of Munster and that the children he proposed to transport would be picked up from one area in Munster. He further testified that the applicant was seeking authority from the Public Service Commission of Indiana in order to comply with the law in continuing to transport children between a particular area in Munster and Eads School.

Other witnesses, parents of children applicant proposed to transport, testified that in 1963 a group of parents of children attending Eads School had contracted with applicant to transport their children, and that applicant had transported children pursuant to contract with the parents group from 1963 until March of 1968.

It thus appears from all the evidence that applicant proposed to operate in a limited geographical area within the City of Munster, to transport children from that area to Eads School, pursuant to a contract for that transportation between applicant and parents of children attending Eads School. Essentially, applicant sought authority from the Public Service Commission of Indiana to continue the limited service it had been providing for the five previous years.

The definition of a common carrier is set out in Acts of 1935, ch. 287, § 2; Acts of 1937, ch. 300, § 1; Acts of 1941, ch. 222, § 1; Acts of 1963, ch. 320, § 2; Acts of 1969, ch. 379, § 1, as now found in Burns' Ind. Stat. Anno. § 47-1212 (g) (1969 Cum. Supp.), which reads as follows:

"The term 'common carrier' shall mean any person that holds himself out to the general public to engage in the transportation by motor vehicle of passengers or property, for compensation, whether over regular or irregular routes."

In the case of *Penn. R.R. Co.* v. *Town Bd. Edinburg* (1966) 139 Ind. App. 216, 219, 220, 218 N. E. 2d 171, this court stated:

"It has been decided by our courts that to be valid, an order of the commission is required to be based upon facts found by the commission which in turn are required to be based upon substantial evidence. The findings of fact are required to be supported by substantial evidence presented, and if there is an insufficiency or a lack of evidence in the record to support the findings of the commission, the order of the commission is void. *Baltimore and Ohio Railroad Company* v. *Bremen Grange No. 2160, supra; Public Service Commission of Indiana, et al., etc.* v. *Indiana Bell Telephone Co.* (1955), 235 Ind. 1, 130 N. E. (2d) 467; *Kosciusko County Rural Electric Membership Corp. et al.* v. *Public Service Commission, et al.* (1948), 225 Ind. 666, 77 N. E. (2d) 572; *Public Service Commission, State of Indiana Through The State Highway Commission of Indiana* v. *Fort Wayne Union Railway Company* (1953), 232 Ind. 82, 111 N. E. (2d) 719." *City of Terre Haute* v. *Terre Haute Water Works Corp. et al.* (1962), 133 Ind. App. 232, 180 N. E. 2d 110, (Reh. Den.); *Marshall* v. *Tribune-Star Publishing Co.* (1969), Ind., 243 N. E. 2d 761.

After an examination of the record of the evidence presented before the hearing examiner, and considering that evidence in light of the statutory definition of a common carrier, we cannot say that the evidence presented supported the examiner's finding and recommended order that a Certificate of Public Convenience and Necessity be issued to Van Der Aa to operate as a common carrier.

There was no evidence presented in support of Van Der Aa's application that applicant sought authority, or that it proposed to hold itself out to the *general public* to engage in transportation of passengers or property.

Furthermore, the finding and order of the Commission that a Certificate of Public Convenience and Necessity be issued to Van Der Aa as a *common carrier* of passengers was not supported by any evidence, and is therefore contrary to law.

For all of the foregoing reasons, we are of the opinion that the order of the Public Service Commission of Indiana en-

tered May 23, 1969, in this cause was not supported by the evidence, was contrary to law, and must be set aside.

Cause reversed with instructions to the Public Service Commission of Indiana to set aside its final order entered and approved in this cause on May 23, 1969.

Lowdermilk, C.J., Carson, and Sullivan, JJ., concur.

NOTE.—Reported in 260 N. E. 2d 887.